**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CRIMINAL NO.  1:09CR29**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **BRYAN CURTIS WHITENER** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss Counts One, Four, and Five of the indictment.  **Defendant's Motion to Dismiss Counts One, Four and Five of the Indictment, filed June 23, 2009.**  The Government has filed a brief in opposition to the relief sought. **United States' Response to Defendant's Motion, filed June 25, 2009.** For the reasons stated herein, Defendant's motion is denied.

Defendant has been charged in a five-count indictment, Counts One, Four, and Five of which charge him with possessing firearms and ammunition after previously being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  **Bill of Indictment, filed April 8, 2009, at 1-3.**

Defendant contends that a recent case from the United States Supreme Court changed the way convictions are considered under § 922(g)(1), and as a result, his three previous state convictions cannot support the federal charges pending in the indictment. *See United States v. Rodriguez*, **128 S. Ct. 1783 (2008).** Defendant states that at the time he was convicted and sentenced in state court, his prior criminal record was such that he could not have been, and was not, sentenced to a year or more in prison. **Defendant's Motion, at 3-4.** Therefore, he argues, the relevant consideration is not what amount of prison time is authorized by statute for any defendant, but rather the question is what amount of imprisonment could this individual defendant have received. In short, if this individual defendant could not have been sentenced to a year or more in prison based on his criminal history, then he has not been convicted of a crime that carries a punishment of one year or more for purposes of § 922(g)(1).

The Government states that Defendant's argument fails under prevailing Fourth Circuit precedent. **Government's Response, at 1 (citing *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999) and *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005)).** The Court agrees.

In an unpublished opinion, the Fourth Circuit considered a case wherein a defendant argued that because he was subject to less than one year in prison for some of his prior felony convictions, he was improperly classified as an armed career criminal. ***United States v. Stevenson*, 314 F. App'x 605 (4ᵗʰ Cir. 2009).** The appellate court disagreed and concluded the defendant's argument was

> foreclosed by *United States v. Rodriguez*, 128 S. Ct. 1783, 1792-93 [ ] (2008) (defining phrase "maximum term of imprisonment" in § 924(e) as maximum term permitted by state statute, including recidivist provisions), and *United States v. Harp*, 406 F.3d 242, 246-47 (4ᵗʰ Cir. 2005) (determining satisfaction of recidivist guideline requirement that prior conviction was punishable by term exceeding one year depends on "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"').

*Id*. **at 605-06.**

Defendant concedes that discovery presented by the Government shows that he was found guilty of two Class I drug offenses in state court. **Defendant's Motion, at 2.** In examining the North Carolina Structured Sentencing Act, the Court finds that the convictions for Class I felonies could result in a period of active incarceration of one year or more for each conviction for a defendant with the worst criminal history. ***See* N.C. Gen. Stat. § 1340.17 (c) & (d) (defendant with 19 or more criminal history**

**points is classified as a prior record level VI and could receive 12-15 months for a conviction of a class I offense).** Accordingly, based on the Fourth Circuit's reasoning in *Stevenson* relying on *Rodriguez* and *Harp*, Defendant's argument must fail.

       **IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss Counts One, Four, and Five of the Indictment is **DENIED.**

Signed: July 1, 2009

Lacy H. Thornburg
United States District Judge